*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALAN BERGMANN,

        Plaintiff-Appellant,

v

MAESTRO HEALTH and GROUP ASSOCIATES, INC.,

        Defendants-Appellees.

UNPUBLISHED
March 31, 2022

No. 357181
Ingham Circuit Court
LC No. 20-000640-CB

Before: O'BRIEN, P.J., and SHAPIRO and BOONSTRA, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent. The trial court granted defendants' motion to dismiss pursuant to MCR 2.118(C)(8), yet in doing so it made several findings of fact which are plainly improper in the context of a (C)(8) motion. Plaintiff alleges that he was fired without cause in January 2020 and submitted an affidavit stating that "[i]n January of 2020, I was informed by my direct supervisor at the time . . . Adam Ray West, and who at the time was Chief Revenue Officer, that I . . . was being fired immediately and that my firing was 'without cause.' " And at the hearing the trial court stated, "I know your position is that they fired him in January. I'll accept that as true." Nevertheless, the court concluded that plaintiff "may have been told in January that he was fired, but that is of no consequence to this ruling."

The court apparently concluded that because plaintiff ended up working through the end of the contract that his termination must be seen only as a non-renewal and not a termination. However, plaintiff asserts that defendants' about-face came *after* the company's new owners learned of the contractual provisions for severance, at which time they concluded it would be cheaper to withdraw the termination and so retroactively "redefined" the termination as a non-renewal. Moreover, plaintiff asserts that having come to understand the extent of the severance due, defendants told plaintiff that they would pay him through the end of the contract even if he was no longer performing any work for the company. In other words, plaintiff claims that defendants did fire him but then acting in bad faith, changed the nature of the termination in order to avoid fulfilling their responsibility for severance pay and that they did not make plaintiff aware of their intent to withhold severance if he accepted the offer to be paid thereafter. Whether plaintiff

-1-

can prove this is not clear, but he is certainly entitled to take the depositions of defendants' decision makers and obtain relevant documents before consideration is given to a motion to dismiss.[1]

If the trial court dismissed the case because these allegations were not sufficiently spelled out in the complaint then it should have granted plaintiff an opportunity to amend. If it dismissed the case because it found no issue of fact as to his firing, it erred given plaintiff's affidavit and defendants' failure to offer any proofs to the contrary as to the communications between the parties in January.[2]

This case is a good example of why motions for summary disposition brought before an answer to the complaint has been filed and before any discovery should be viewed with skepticism. Defendants' determination that they must avoid factual discovery does little to engender confidence that their version of events is accurate. Defendants rely on the fact that plaintiff worked until the end of his contract term, but considering the ambiguous way in which plaintiff's employment ended, it is far from clear that this was simply an expiration of the contract term rather than a termination. Plaintiff is entitled to discovery on the circumstances surrounding the decision to terminate him. Only then can it be determined whether plaintiff was terminated without cause, or the contract merely expired without renewal.

/s/ Douglas B. Shapiro

---

[1] The majority describes the evidence concerning the relevant events as "extrinsic evidence." It may be that the evidence is extrinsic to the contract terms, but it is certainly relevant and proper as to whether or not plaintiff was terminated in January.

[2] Defendants have proffered an affidavit regarding the communications in February and April but their failure to attach an affidavit from Chief Revenue Officer West, the person plaintiff alleges fired him in January, suggests that defendants may have no basis to dispute plaintiff's version of the January events. Plaintiff has also submitted affidavits from two former officers of the defendant company that are consistent with plaintiff's claims regarding the nature of the severance agreement.